■ ANN G. PENNINGTON, Respondent, v. EDMUND ZIMAN, Appellant.— Order entered on July 28, 1960, denying defendant's motion to dismiss the complaint under rule 106 and subdivision 4 of rule 107 of the Rules of Civil Practice, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs, with leave, however, for the plaintiff-respondent to replead, if so advised, upon a showing by allegation of ultimate facts that a rescission of the agreement would accomplish some proper purpose, since equity will not suffer the making of a vain order. (Cf. Sivakoff v. Sivakoff, 280 App. Div. 106, 108.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ CHARLES H. TENNEY, as Corporation Counsel of the City of New York, Respondent, v. LIBERTY NEWS DISTRIBUTORS, INC., et al., Defendants, and G. I. DISTRIBUTORS, INC., Appellant.— Order entered on February 3, 1961, which denied the defendant-appellant's motion for a severance and for a jury trial modified, on the law, on the facts and in the exercise of discretion, to the extent of granting a severance of the action, and is otherwise affirmed, without costs to either party. This appeal involves questions arising from action taken pursuant to section 22-a of the Code of Criminal Procedure. It should be noted that the constitutionality of section 22-a has been upheld (Brown v. Kingsley Books, 1 N Y 2d 177, affd. 354 U. S. 436). The defendant denies that the books and periodicals it distributes are lewd and obscene as those terms are used in section 22-a. Since each publication must be separately considered and judged to ascertain if it falls within the classification and prohibition of section 22-a, it would appear likely that appellant would be prejudiced by a joint trial. Its application for a separate trial is granted. While section 22-a of the Code of Criminal Procedure permits a procedure against the objects or articles, it could well be read in conjunction with section 1141 of the Penal Law which is directed against the offender who disseminates or distributes the offensive articles. The crime of sale, etc., of obscene prints and articles is classified as a misdemeanor. There is no constitutional right to a jury trial in misdemeanor cases (N. Y. Const., art. VI, § 18). This is a proceeding in equity. As pointed out in Burke v. Kingsley Books (208 Misc. 150, affd. 1 N Y 2d 177, affd. sub nom. Kingsley Books v. Brown, 354 U. S. 436) "a jury is not ordinarily a part of the judicial tribunal in equity cases " and " a jury trial of certain issues may be granted on the equity side of the court, or denied, in the exercise of the chancellor's discretion (Civ. Prac. Act, § 430) " (p. 167). It cannot be said on the record before us that the court abused its discretion in denying defendant's application for a jury trial. For that reason that portion of the order appealed from should be affirmed. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.