■ ODD LOT TRADING CORP., Respondent, v. MR. RADIO, INC., Defendant, and EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY OF AMERICA, Appellant.— Order, Supreme Court, New York County, entered October 10, 1972, unanimously modified, in the exercise of discretion and the interest of justice, to limit plaintiff-respondent's notice for discovery and inspection as hereinafter set forth, and otherwise affirmed, without costs and without disbursements. The water damage, subject of the litigation, was allegedly traced to air conditioning units on the premises of defendant Mr. Radio, Inc., neighbor of plaintiff-respondent. It is said that portions of the units were removed from the premises in the course of investigation by representatives of defendant-appellant insurance company, insurer under different sorts of coverage of both the other parties. Having prejudiced plaintiff's position by having rendered the appliances themselves unavailable for inspection in their original condition, appellant cannot be heard to claim that the only possible substitutes therefor, the reports, are also unavailable as matter prepared for litigation. However, plaintiff is not entitled to carte blanche but only to be relieved of prejudice, and the discovery will therefore be limited to reports of the condition of the air conditioners and their connections and the results of tests concerning the same. Should any dispute arise as to whether any particular paper is properly discoverable within these limitations, it shall be submitted for adjudication to the Justice presiding in Special Term, Part II. Concur — Markewich, J. P., Nunez, Lane, Steuer and Capozzoli, JJ.

■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK BY LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant, v. ALEXANDERS DEPT. STORE, INC., et al., Respondents.— Judgment, Supreme Court, New York County, entered on December 29, 1972, dismissing the petition of the Attorney-General, unanimously affirmed, without costs and without disbursements. Enforcement of section 349 of the General Business Law can only be effected by strict compliance with the statutory mandate, including its notice provisions. The purported violation herein sought to be enjoined is apparently a single offense unlikely to be repeated by the respondent. Furthermore, since the act involved occurred in December, 1971, and the instant proceeding for an injunction was not commenced until seven months after the offending conduct, in the absence of any indication of threatened or probable repetition, no useful purpose will be served by granting injunctive relief. Concur — Stevens, P. J., Markewich, Nunez, Lane and Tilzer, JJ.

■ FLOYD PATTERSON, Appellant, v. LIONEL CORPORATION, Respondent, and ROY M. COHN et al., Defendants.— Order of the Appellate Term of the Supreme Court, First Department, entered on August 29, 1972, unanimously affirmed, without costs and without disbursements, and judgment absolute directed against appellant on the stipulation dated January 3, 1973. No opinion. Concur — Nunez, J. P., Kupferman, Steuer and Capozzoli, JJ.