■ THE PEOPLE OF THE STATE OF NEW YORK BY LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant, v VOLKSWAGEN OF AMERICA, INC., Respondent.—Order entered in the Supreme Court, New York County, on November 29, 1974, denying plaintiff's motion for summary judgment, unanimously modified, on the law, so as to grant that portion of the motion seeking the imposition of a civil penalty pursuant to section 350-c of the General Business Law for unlawful advertising by the defendant. The matter is remanded to Special Term for a plenary hearing to determine the amount of the penalty. The order, as thus modified, is affirmed, without costs. We are unanimous in finding the advertisement complained of to be misleading and deceptive. The test is not whether the average man would be deceived. Sections 349 and 350 of the General Business Law were enacted to safeguard the "vast multitude which includes the ignorant, the unthinking and the credulous" *(Floersheim v Weinburger,* 346 F Supp 950, 957). Deceptive and misleading advertising has a tendency to deceive or mislead the purchasing public and is therefore per se a violation of the statute as well as the public policy of New York. *(People v Federated Radio Corp.,* 244 NY 33; *People v Glubo,* 5 NY2d 461; *Matter of Lefkowitz v E. F. G. Baby Prods.,* 40 AD2d 364.) Although we agree that injunctive relief is a prospective remedy seeking to prevent future violations *(Swift & Co. v United States,* 276 US 311, 326), we do not feel justified in disturbing Special Term's refusal to summarily grant the injunction in view of the immediate correction of the advertisement and the passage of almost three years without repetition of the offense. (See *Matter of People v Alexanders Dept. Store,* 42 AD2d 532.) In the circumstances, it would be inappropriate to grant injunctive relief at this late date, and the People should be relegated solely to recovery of the penalty, for which purpose the matter is accordingly remanded. Concur—Stevens, P. J., Kupferman, Capozzoli, Nunez and Lynch, JJ.