■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RECORD CLUB OF AMERICA, INC., Respondent.—Order, Supreme Court, New York County, entered April 16, 1975, denying plaintiff's motion for summary judgment in an action brought by the Attorney-General under section 349 of the General Business Law, is affirmed, without costs and without disbursements. In our view a full exploration of the relevant facts and circumstances is necessary to enable the court to balance the equities and arrive at a proper decision at least as to restitution and as to civil penalties under subdivision (b) of section 349 and section 350-c of the General Business Law. In the circumstances, if we were minded to grant partial summary judgment for a permanent injunction, "No time or effort of either the court or the litigants" would be spared thereby. (Cf. *Hastings v Richard, Ellis & Co.,* 36 AD2d 695.) The public is adequately protected by the temporary injunction now in effect. The grant of a permanent injunction might prejudice the trial of the other issues. In the circumstances it appears wise to leave that question also to be decided after the court has had the benefit of the factual exploration of a trial. We do not pass on the question of whether the trial should be before a jury, as that question is not directly involved in this appeal, and the Attorney-General has intimated there may never be a dispute on that point. Murphy, J. P., Birns, Silverman and Lynch, JJ. concur; Lane, J., dissents in the following memorandum: The Attorney-General, pursuant to his authority under article 22-A of the General Business Law, instituted an action against the Record Club of America, Inc., seeking a permanent injunction, restitution and civil penalties. The Record Club had advertised that one who became a member of the club could receive "free" records or tapes. The advertising further stated that if one paid an increased membership fee the value of the "free" records received would increase in a proportion greater than the increased cost of membership. A review of the advertisements reveals that the records were indeed not free and that the claimed savings were not truthfully portrayed. The Attorney-General obtained a preliminary injunction preventing continuation of defendant's practices pending final determination. He then moved for summary judgment. Special Term, after initially granting partial summary judgment, *sua sponte* recalled and vacated the decision and denied the Attorney-General's motion in its entirety. I would reverse. Nothing in the record creates a material issue of fact which would bar the granting of the relief sought. There is no denial that the advertising was disseminated. The material distributed was clearly misleading. Since there are no material factual issues remaining to be determined other than an assessment of the amount of the penalty to be imposed, summary judgment is appropriate (CPLR 3212, subd [b]; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). The fact that we are here dealing with the Attorney-General and a civil penalty to be imposed pursuant to section 350-c of the General Business Law does not alter the right of the Attorney-General to obtain

summary judgment *(People v Volkswagen of Amer.,* 47 AD2d 868; cf. *People v Allied Med. Clearing House,* 55 Misc 2d 489, affd 29 AD2d 919, mot for lv to app den 21 NY2d 645). At the penalty hearing, the proof adduced need only show the number of violations. The court will then determine the dollar penalty to be imposed (General Business Law, § 350-c). Clearly, the assessment of the penalty to be imposed will involve a relatively short hearing, and its proof is not inextricably intertwined with a review anew of the culpability of the defendant and its violation of the General Business Law. Summary judgment is therefore an appropriate remedy (cf. *Schwartz v New England Mut. Life Ins. Co. of Boston,* 20 AD2d 688; *Ohringer, Inc. v Kass,* 28 AD2d 1117). Accordingly, the order of the Supreme Court, New York County, entered April 16, 1975, should be reversed and summary judgment should be granted ordering a permanent injunction, and a civil penalty, and the matter remanded for a hearing solely as to the amount of the civil penalty to be imposed, as well as the amount of restitution, if any, to be afforded to subscribers to the defendant's offer.