OPINION OF THE COURT
Francis G. Caldeira, J.
On February 11, 1981 the defendant advertised for sale, in Newsday, “Sango” china dishes. The advertisement listed the sale price of service for twelve at $39.95 with the regular price listed as $280. The plaintiff attempted to purchase the dishes from the defendant for $39.95; the defendant would not sell at that price. Thereafter, the plaintiff commenced this small claims action seeking to recover $280.
The plaintiff has failed to prove any actual damages. No proof was submitted that she purchased the dishes elsewhere. She has not sought to recover the difference in the purchase price and the price advertised; rather, she has simply sought to recover $280. Further, the plaintiff may not recover on a breach of contract theory because the advertisement “is nothing but an invitation to enter into negotiations, and is not an offer which may be turned into a contract by a person who signifies his intention to purchase some of the articles mentioned in the advertisement.” (Lovett v Loeser & Co., 124 Misc 81, 83; accord see Schenectady Stove Co. v Holbrook, 101 NY 45; People v Gimbel Bros., 202 Misc 229.)
*496 But these conclusions do not end consideration of the matter. Article 22-A of the General Business Law must be considered. Sections 350-a and 350 of the General Business Law, contained in that article, define and prohibit false advertising. Effective June 19, 1980, subdivision 3 of section 350-d was added to the General Business Law. This section provides, in part: “Any person who has been injured by reason of any violation of section three hundred fifty or three hundred fifty-a of this article may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or fifty dollars, which ever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section.”
This provision raises several issues not fully explored or argued by the parties in this small claims case but which determine whether the plaintiff is entitled to recover. The first question is whether the defendant engaged in the practice of falsely advertising. A second question is whether the plaintiff has been injured. More specifically, this question is whether the plaintiff has been “injured” though she has not proven breach of contract damages. Clearly she was unable to purchase the china dishes for the price advertised.
Section 350-a of the General Business provides: “The term ‘false advertising’ means advertising, including labeling, which is misleading in a material respect; and in determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertisement fails to reveal facts material in the light of such representations with respect to the commodity to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.”
In deciding whether the defendant has violated sections 350 and 350-a the key question is whether the advertisement was “misleading in a material respect”. It seems *497 clear that the plaintiff need not prove intent to deceive to establish false advertising. First, section 350-a does not define “false advertising” in terms of intent. Second, subdivision 3 of section 350-d permits the court to increase damages otherwise recoverable if it finds that the defendant willfully or knowingly falsely advertises.
The advertisement in question was a full page appearing in Newsday. In bold print to the right side of the page the advertisement reads, “40% to 50% off regular prices Mikasa Sango and Yamaka”. Listed below are four specific sets of china with regular and sale prices shown. The first is a 20-piece set regularly $100 on sale for $59.95. The second is a 40-piece set regularly $140 on sale for $59.95. The third is a set of service for 8 regularly $120 on sale for $69.95. The fourth is the item in controversy. It shows a set of service for 12 regularly $280 on sale for $39.95.
In People v Volkswagen of Amer. (47 AD2d 868) the Appellate Division discussed the meaning of misleading advertising in the context of this article of the General Business Law. In so doing the court cited several cases including People v Glubo (5 NY2d 461). In that case the Court of Appeals construed section 421 of the former Penal Law which provided, in relevant part (pp 469-470): “Any person *** who, with intent to sell *** merchandise, *** or anything offered by such person, *** directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, *** makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, * * * over any radio station or in any other way, an advertisement, announcement or statement of any sort regarding merchandise, *** or anything so offered, * * * which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading, shall be guilty of a misdemeanor.”* Then, quoting People v Richter’s Jewelers (291 NY 161) interpreting the same provision the court stated (p 472), *498 “[i]n any event, though innocent error might render the offense venial, a statement of fact which is untrue, deceptive, or misleading, placed upon a tag ‘with intent to sell or in any wise dispose of merchandise’ constitutes a violation of section 421 of the Penal Law even when the statement is made without ‘actual evil design or contrivance to perpetuate fraud or injury upon others.’ The statutory offense is committed by ‘material misrepresentations intended to influence the bargain’ though at times such misrepresentations may be due to lack of care rather than dishonesty. (People v. Federated Radio Corp., 244 N. Y. 33, 39, 41.)” Thus, even in construing a Penal Law provision the court found that intent to deceive was not an element in a case of false advertising. Accordingly, this court finds that judicial interpretation of article 22-A and the clear language of the statute dictate the conclusion that the plaintiff need not establish an intent to deceive.
Therefore, to establish a right to recover damages in this action the plaintiff need only establish that the advertisement was misleading in a material respect and that she was “injured”. No dispute exists that the defendant would not sell the dishes for the price advertised.
Perhaps it could be argued that the price in question was so low that it could not be taken for anything but an obvious mistake and thus, could not be misleading. But, this argument must be rejected. In People v Volkswagen of Amer. (supra), the Appellate Division, quoting Floersheim v Weinburger (346 F Supp 950, 957) said, “[s]ections 349 and 350 of the General Business Law were enacted to safeguard the ‘vast multitude which includes the ignorant, the unthinking and the credulous’ *** The test is not whether the average man would be deceived.” Further, the $39.95 price is not so clearly an error as may first appear. As noted, the bold print on the right side of the advertisement indicates “40% to 50% off regular prices.” Below, four specifc items are shown. Two of the four advertise more than 50% off the regular price. The second item is advertised regularly for $140 on sale for $59.95. Certainly, this price is apparently reasonable enough to lead even “an average man” to believe the $140 dishes could be purchased for $59.95. If the 40% to 50% limitation does not *499 apply here it is difficult to pick the point at which the advertised sale price would be obviously too low to be that which was intended. Indeed, it is as likely that the error is in the listing of the percentages as it is in the prices. Thus, even on the limited proof submitted, the plaintiff has established that the defendant’s advertisement was misleading in a material way within the meaning of article 22-A of the General Business Law.
The next question is whether' the plaintiff has been injured within the meaning of subdivision 3 of section 350-d of the General Business Law. As noted above the plaintiff did not prove actual damages. But it appears that a plaintiff need not prove actual damages to prove he is a “person who has been injured”. As this section is written it seems that a person who is mislead or deceived by an advertisement which is misleading in a material way is an injured person. The statute entitles the plaintiff to recover “his actual damages or fifty dollars, whichever is greater.” (Emphasis added.) The statute could have been written to limit the right to recover damages to any person who has suffered actual damages. But the statute speaks of a person who is injured and it explicitly grants a right to recover $50 without requiring the plaintiff to establish actual damages of that amount. The legislative memorandum in support of the bill indicates the section is intended to provide “increased liability for suit” (NY Legis Ann, 1980, p 146). Further, the Governor’s memorandum in support of the bill indicates that by providing for a minimum damage recovery section 350-d (as well as newly added subdivision [h] of section 349 relating to deceptive acts or practices) is intended to encourage private suits. Thus, it seems that the Legislature intended $50 to be easily recoverable. The plaintiff is, therefore, entitled to recover that amount.
The implications of this construction of the statute are awesome. Even running corrective advertising ■ will not provide a defense by the terms of the section, other than to the extent it establishes that a person was not deceived or mislead. Very little in the way of reliance on the misleading advertisement need be shown. Possible liability for a mistake in advertisements in Newsday or any other newspaper so widely disseminated could be virtually limitless. *500 But, it does seem that this is the mandated result. Section 350-d of the General Business Law may be in need of legislative review and revision.
However, in the present case, the plaintiff is entitled to judgment in the amount of $50.

 The current Penal Law provision (§ 190.20) provides as an affirmative defense “that the allegedly false or misleading statement was not knowingly or recklessly made or caused to be made.”