OPINION OF THE COURT
David B. Saxe, J.
The issue that is raised in this Small Claims Court proceeding on the court’s own motion is as follows: Must a consumer who seeks relief under section 350-d of the General Business Law, a so-called “private Attorney General Statute” always bring an action for both damages and injunctive relief? If so, then a proceeding such as this one, under section 350-d of the General Business Law (as *889 well as General Business Law, § 349, subd [h]) should be brought in the State Supreme Court and not in the Civil Court.
The following are the essential facts: The claimant is an attorney for the Legal Aid Society suing pro se. Defendant Manhattan Honda placed an advertisement in the automobile section of the Sunday New York Times of December 27, 1981. In large bold type, the ad began:
“$1,000 OFF*
“1982 ACCORD HATCHBACK”
Slightly below, in much smaller type was, first, a corresponding asterisk, followed by a detailed description of the car that was offered. As a discerning purchaser, the claimant Mr. Beslity, read each word carefully and concluded that the vehicle described was not an Accord Hatchback, but instead, an Accord Hatchback LX, the very car he wanted to buy! He came to the conclusion that the example in the ad was an LX model because it had equipment available only on the LX (i.e., variable-assist power steering). Armed with this information, he proceeded quickly to defendant Honda’s showroom to purchase the Honda LX with a $1,000 discount. A salesman informed him that the ad referred to a mere Hatchback, not the more exclusive LX. At trial, Honda indeed admitted that the description of the car in the ad was that of an LX and not a Hatchback, the result, of a copy-writing mistake.
The claimant purchased the LX model. Honda gave him a $750 discount based upon their offer in the same ad of “similar savings on other cars in stock.” The offer was not satisfactory to the claimant who now sues for actual damages of $250, representing the difference between the advertised discount of $1,000 and the actual discount allowed of $750.
Subdivision 3 of section 350-d of the General Business Law states in part: “Any person who has been injured by rpason of any violation of section three hundred fifty or three hundred fifty-a of this article may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or fifty dollars, whichever is *890 greater.” The statute permits a trebling of damages when appropriate and an award of attorney’s fees to the prevailing party.
Section 350-a of the General Business Law defines “false advertising” as advertising “which is misleading in a material respect; and in determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word * * * but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.”
Was the Honda advertisement false and misleading? In prosecutions brought by governmental agencies seeking to establish sanctions for false advertising, it has been held that the capacity of the advertisement to deceive, rather than the intent to deceive, is the test for determining whether the advertisement constitutes false advertising. (See Guggenheimer v Ginzburg, 43 NY2d 268; People v Volkswagen of Amer., 47 AD2d 868; Federal Trade Comm, v Colgate-Palmolive Co., 380 US 374, 391-392; see, also, Note, The Regulation of Advertising, 56 Col L Rev 1018, 1025-1027.)
In analyzing whether an advertisement has the capacity to deceive, a court will not look to its effect on the average consumer but instead “to the vast multitude which the statutes were enacted to safeguard — including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions”. (Guggenheimer v Ginzburg, supra, p 273.) This is the standard under which advertising is evaluated for potential prosecution by governmental agencies. In effect, since almost any combination of words has the capacity to deceive someone, a form of strict liability is imposed on advertisers (see, generally, Millstein, The Federal Trade Commission and False Advertising, 64 Col L Rev 439).
Of course, for an advertisement to be deceptive, it must contain a material untruth — that is, one capable of *891 affecting purchase decisions. (See Note, Developments in the Law — Deceptive Advertising, 80 Harv L Rev 1005, 1056.)
In this case, if a government consumer protection agency were to proceed against the defendant Honda, there is little question that the advertisement in question could be found to have a capacity to deceive because the car described in the body of the ad was not the model listed at the top, that specified a $1,000 discount. It would not matter that the ad could be interpreted in two wáys — one true, one false (Giant Food v Federal Trade Comm.., 322 F2d 977, cert dsmd 376 US 967); nor would it matter that the ad resulted from a copy mistake (see Geismar v Abraham & Straus, 109 Misc 2d 495).
But when a consumer sues for damages only, under section 350-d of the General Business Law, to redress a false advertising violation, should that action be dismissed without prejudice to the commencement of a new action where he requests injunctive relief to enjoin the deceptive use and publication of the advertisement, as well as damages?
I hold that in most cases, an action for damages only must be dismissed. The law under scrutiny, section 350-d of the General Business Law, that establishes a private right of action for a violation of the statute prohibiting false advertising (General Business Law, § 350-a) states that a person injured by reason of false advertising may bring his own action to enjoin such act and to recover damages. The statute plainly refers to one action containing two elements: injunctive relief and damages. Similarly, subdivision (h) of section 349 of the General Business Law establishes a private right of action for consumers seeking damages and injunctive relief on account of deceptive acts or practices.
An action for injunctive relief must however be brought in the Supreme Court (see, generally, Siegel, New York Practice, § 12, p 14), not in the Civil Court, which is a court of limited jurisdiction. (NY City Civ Ct Act, § 209 [CCA].) Consequently, in most cases, an action brought under section 350-d of the General Business Law should be brought in the Supreme Court.
*892 Statutes such as subdivision (h) of section 349 and section 350-d of the General Business Law create new liabilities and therefore must be strictly construed (McKinney’s Cons Laws of NY, Book 1, Statutes, § 301, subd c) even though these statutes are remedial ones. (See Leppard v O'Brien, 225 App Div 162, affd 252 NY 563.)
In Governor Carey’s memoranda of June 19, 1980, approving the creation of a private fight of action for violations of the false advertising statute (L 1980, ohs 345, 346), it is pointed out that the new law “will encourage private enforcement of these consumer protection statutes * * * [and] add a strong deterrent against deceptive business practices and supplement the activities of the Attorney General in the prosecution of consumer fraud complaints.” (NY Legis Ann, 1980, p 147.)
A public function is therefore being pursued when a consumer, acting as a “private Attorney General” starts a lawsuit to enjoin a deceptive advertisement and to recover damages suffered. A suit for damages only, essentially serves no public function, and is not a strong deterrent against future objectionable practice, since such a judgment in favor of a consumer, alone, does not carry with it an order by a court requiring the vendor to desist from certain objectionable practices. It is true that suits for damages including a class action brought as a result of violations of sections 349 and 350 of the General Business Law (Dickerson, Class Actions Under Article 9 of C.P.L.R. — The Dynamic Duo, NYLJ, March 15, 1982, p 1, col 2), and possible treble damages may often deter some merchants. Nevertheless, it is only the obtaining of an injunction that legally prohibits further use of the offensive advertisement and subjects the vendor to contempt citations if he attempts further use in violation of the order that effectively serve the public interest as defined in the statute.
Where the Legislature has erroneously used the word “and” when “or” is intended or vice versa, a court may make the necessary change in the statute in order that it shall conform to the legislative intent. (McKinney’s Cons Laws of :NY, Book 1, Statutes, § 365.) However, courts should not indulge in these changes where the effect may *893 be to thwart a legislative purpose (McKinney’s Cons Laws of NY, Book 1, Statutes, § 365). To interchange “or” for “and” here would be, in my opinion, an act at odds with the legislative purpose of this law which is to supplement the work of the Attorney-General.
If a consumer however started an action pursuant to section 349 or 350 of the General Business Law in the State Supreme Court and applied for injunctive relief only, a court might properly permit that action to proceed on the theory that private Attorney-General actions are designed primarily to redress public wrongs and secondarily, to recompense consumer claimants who have satisfied their public duties under the statute. If a consumer wishes to pursue his role as a private prosecutor only, the essential mandate of the statute has been satisfied.
I hold that the statute under which the claimant has brought his suit is one that has thrust him into the role of a private prosecutor. As such, according to the provisions of the statute, he is entitled to recover damages if, inter alla, he is an injured person (see Geismar v Abraham & Straus, supra). At the same time, he was under a duty to fulfill his public role by attempting to enjoin the deception resulting from a possible repetition of the advertisement in the future. The grant of a right to recover damages in this type of action flows directly from a statutory violation and the consumer is no longer burdened with the difficulty of proving a common-law case of fraud or deceit with its almost insurmountable problem concerning proof of the defendant’s scienter (see Note, Developments in the Law — Deceptive Advertising, 80 Harv L Rev 1005, 1016). With this benefit goes the obligation to perform an act in the public interest — to apply for injunctive relief.
However, one day after the offensive ad had “run” in the New York Times, the description of the car in the ad was acknowledged by Honda’s advertising agency in a letter to local Honda dealers to have been made in error. The claimant was unaware of this communication when he started his small claims action. In fact, the sales manager of Manhattan Honda championed the propriety of the ad in a letter to the claimant sent a month after its own advertising agency had admitted the error! Nevertheless, based *894 upon all the testimony that I heard, I find that it is reasonably certain that Manhattan Honda will not place this advertisement again. Therefore, it would be fruitless to require the claimant to recommence this action in State Supreme Court where injunctive relief may be pursued. I am not required to order the performance of a useless task (see Pennington v Ziman, 13 AD2d 769).
In sum, Mr. Beslity, the claimant, has effectively performed his role as a “private Attorney General”. His visit to a Honda showroom coupled with an expectation to purchase under the terms of the advertisement, clearly prompted the acknowledgement of error by the advertising agency employed by Manhattan Honda. Although this acknowledgement does not have the force of a court order, given the lapse in time since the ad first ran as well as the fact that this particular ad has apparently not reappeared since then, I find that the claimant has essentially fulfilled his public responsibility under the statute.
Certainly, if the advertisement in question had been enjoined by the Attorney-General, or by a prior “private Attorney General”, it would not make sense under these circumstances for a consumer to be required to obtain additional injunctive relief. Similarly, if the court finds that the threat to the public had been eliminated by the vendor’s acknowledgement of the error, resulting from a “private Attorney General’s” actions, then, in that event, the essential purpose of the law has been accomplished. These, however, are the exceptions. In the ordinary case, the consumer is required to sue for both an injunction and for damages. In the event that he eschews the obligation of obtaining injunctive relief, he is not pursuing his private role as a public protector and the action should not be permitted to proceed.
In the usual case, I would have dismissed an action such as this one with leave to commence a new proceeding requesting injunctive relief as well as damages in the State Supreme Court. On the facts of this case alone, however, I am not required to do that. Accordingly, I must determine whether damages are appropriate. To recover, the claimant must prove that he is a “person who has been injured”. (General Business Law, § 350-d, subd 3.) It appears that a *895 claimant need not prove actual damages to prove he is a “person who has been injured”. A person who is misled or deceived by an advertisement which is misleading in a material way is an injured person. (Geismar v Abraham & Straus, 109 Misc 2d 495, 499, supra.) The statute entitles the injured claimant to recover “his actual damages or fifty dollars, whichever is greater.*’ The ad itself was misleading in a material fashion according to the standards (i.e., “capacity to deceive”) used for determining deceptive advertising. (Guggenheimer v Ginzburg, 43 NY2d 268, supra.) Although a consumer who has not actually been misled or deceived by an advertisement may not have struck the bargain that he wished or anticipated, such a party is not a “person who has been injured”. Here, claimant Beslity knew when he read the complete description of the car in the ad that it described an LX model. He knew also that the $1,000 discount referred to the Accord Hatchback because that is what the ad clearly said. In fact, it is due to the claimant’s superior knowledge that I find that he was not misled or deceived at all. Had another claimant, not as knowledgeable as Mr. Beslity, proceeded to a Honda dealership on the basis of this advertisement and requested a $1,000 discount on the purchase of a car meeting the ad’s description (an LX), I would have had no trouble finding that this consumer was actually misled. Therefore, on account of the fact that the claimant here had a correct apprehension of the advertisement and knew, in fact, that the ad contained a mistake, I find that he was not actually deceived and is not entitled to recover damages.
Judgment should be entered in favor of the defendant. Nevertheless, the claimant’s good works should not go completely unrewarded. In the court’s discretion (CCA, § 1903, subd [i]), the claimant shall recover $10 as costs.