*849 OPINION OF THE COURT

Per Curiam.

Judgment dated May 6,1982 is reversed, with $30 costs; judgment is awarded in favor of the plaintiff in the sum of $50.
Plaintiff, an attorney, brought this small claims action to recover $800 damages and attorney’s fees upon the ground that the defendant Manhattan Honda had engaged in false advertising in violation of subdivision 3 of section 350-d of the General Business Law (L 1980, ch 345). The advertisement giving rise to this claim appeared in the New York Times, on Sunday, December 27, 1981. It announced in bold print, “$1,000. off* 1982 accord hatchback” and further stated, in small print, “for example: Stk# [stock number] C159” with assorted features including “variable assist P/steering”, with “[s]imilar savings on other cars in stock”. Honda manufactures two hatchback models, one, the standard Accord hatchback, which has “rack and pinion steering”, the other, the more expensive Accord LX hatchback, which has “variable-assist power steering”.
While the December 27, 1981 advertisement made no mention of the Accord LX hatchback, the plaintiff knew that “variable-assist power steering” was standard equipment only on the more expensive Accord LX hatchback. Armed with that information and noting that the December 27, 1981 advertisement utilized as an example of a hatchback qualifying for the $1,000 discount, a vehicle ostensibly equipped with “variable-assist power steering”, the plaintiff, on December 28, 1981, proceeded to defendant’s place of business and requested a $1,000 discount on an Accord LX hatchback. In response to that request, plaintiff was advised that the $1,000 discount was available only on the standard Accord hatchback and did not apply to the Accord LX hatchback, albeit a $750 discount was available on the Accord LX hatchback. Plaintiff pointed out to the defendant the discrepancy which he perceived between what had been advertised and what he was being offered, but to no avail. Plaintiff, on December 28, 1981, purchased from the defendant an Accord LX hatchback, receiving the $750 discount.
*850 On February 11, 1982 plaintiff wrote to the defendant demanding $250 in order to secure the full amount of the discount advertised in the December 27, 1981 ad. Defendant replied that the discount advertised on December 27, 1981 was for a vehicle inventoried as stock No. C159 (which it developed was a standard Accord hatchback, with rack and pinion steering and not assist power steering, as had been advertised), and on that basis defendant believed itself free to offer different discounts on different models, which discounts defendant’s customers were of course entitled to accept or reject as they saw fit. Defendant introduced into evidence a letter dated December 28, 1981 from their advertising company in which that company took full responsibility for the erroneous statement in the December 27, 1981 ad, that stock No. C159 was equipped with variable-assist power steering.
Article 22-A (§ 349 et seq.) of the General Business Law provides for consumer protection from deceptive acts and practices. In 1970, with the enactment of section 349 of the General Business Law, the New York State Attorney-General was empowered to maintain actions to enjoin deceptive trade practices and to seek restitution of moneys or property obtained through such practices. In 1980, with the enactment of both subdivision 3 of section 350-d of the General Business Law and its companion provision, subdivision (h) of section 349 (L 1980, ch 346), the individual consumer was recruited into the campaign against false advertising and deceptive business practices. Subdivision 3 of section 350-d of the General Business Law provides: “Any person who has been injured by reason of any violation of section three hundred fifty [which proscribes false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this State] * * * may bring an action in his own name to enjoin such unlawful act or practice and to recover his actual damages or fifty dollars, whichever is greater. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney’s fees to a prevailing plaintiff.”
*851 The plaintiff, claiming he sustained a $250 loss by virtue of having received a $750 discount rather than the advertised $1,000 discount, sues to recover $750 damages under the treble damages provision of subdivision 3 of section 350-d of the General Business Law ($250 x 3 = $750) plus attorney’s fees.
The court below after concluding that the December 27, 1981 advertisement fell within the ambit of “false advertising”, considered the scope of relief available to an “injured person” under subdivision 3 of section 350-d. In that regard Trial Term held that an action for damages only under subdivision 3 of section 350-d of the General Business Law will generally not lie because, in the view of Trial Term, an application for injunctive relief is, in most instances, an essential element of actions maintained pursuant to subdivision 3 of section 350-d. Having so construed subdivision 3 of section 350-d, the court below nonetheless found the instant action to be one of those ostensibly rare exceptions in which a plaintiff was entitled to maintain an action under subdivision 3 of section 350-d for damages only, because defendant had acknowledged that the subject ad resulted from a copywriting error and it was therefore unlikely that the misleading ad would be republished. Turning to the merits of plaintiff’s claim, Trial Term held that the plaintiff was entitled to no recovery because the plaintiff — predicated upon his “superior knowledge” of the difference between a standard Accord hatchback and an Accord LX hatchback — must have had “a correct apprehension of the advertisement and knew, in fact, that the ad contained a mistake.” The court did, however, observe that had another consumer, less knowledgeable than the plaintiff, responded to the ad and demanded a $1,000 discount on an Accord LX hatchback, the court would have had no trouble in finding that such a less sophisticated consumer had been misled by the ad.
On appeal the plaintiff argues that an action for damages only does lie under subdivision 3 of section 350-d of the General Business Law; that a consumer need not actually be misled to be an “injured” person within the scope of subdivision 3 of section 350-d; that the plaintiff is entitled to treble damages because the defendant’s conduct *852 knowingly violated subdivision 3 of section 350-d, and that the plaintiff attorney, albeit proceeding pro se, is entitled to attorney’s fees. The defendant has not participated in this appeal.
The genesis of both subdivision 3 of section 350-d and its companion provision, subdivision (h) of section 349 of the General Business Law, was in large measure the inability of the New York State .Attorney-General to adequately police false advertising and deceptive trade practices. In a memorandum approving the enactment of both subdivision (h) of section 349 and section 350-d, Governor Carey observed that subdivision (h) of section 349 and subdivision 3 of section 350-d “by authorizing private actions, providing for a minimum damage recovery and permitting attorney’s fees will encourage private enforcement of these consumer protection statutes [General Business Law, §§ 349, 350], add a strong deterrent against deceptive business practices and supplement the activities of the Attorney General in the prosecution of consumer fraud complaints” (Governor’s Approval Memorandum, NY Legis Ann, 1980, p 147; see, also, memorandum of Senator James J. Lack, NY Legis Ann, 1980, p 147; memorandum of Assemblyman Harvey L. Strelzin, NY Legis Ann, 1980, p 146).
The courts have traditionally taken an expansive view of what constitutes “false advertising” (General Business Law, § 350-a; Geismar v Abraham & Straus, 109 Misc 2d 495; Note, New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor, 48 Brooklyn L Rev 509, 545-546; Guggenheimer v Ginzburg, 43 NY2d 268). In People v Volkswagen of Amer. (47 AD2d 868), the court in defining “false advertising” observed: “The test is not whether the average man would be deceived. Sections 349 and 350 of the General Business Law were enacted to safeguard the Vast multitude which includes the ignorant, the unthinking and the credulous’ (Floersheim v Weinburger, 346 F Supp 950, 957).”
We agree with Trial Term that the ad which is the subject of this action was misleading and constitutes “false advertising” falling within the ambit.of subdivision 3 of section 350-d of the General Business Law. We, however, disagree with Trial Term’s conclusion that a consumer *853 seeking to recover damages under subdivision 3 of section 350-d must, in most cases, also seek injunctive relief. To our view, one victimized by “false advertising” may elect under subdivision 3 of section 350-d to sue for either an injunction or damages, or for both an injunction and damages. Such flexibility of action under subdivision 3 of section 350-d is expressly contemplated by the memorandum of Governor Carey, on approving chapter 346 of the Laws of 1980 (NY Legis Ann, 1980, p 147) and by the memorandum of Senator James Lack supporting chapter 345 of the Laws of 1980 (NY Legis Ann, 1980, p 146). Both of those memoranda indicate that under subdivision 3 of section 350-d of the General Business Law one may seek injunctive relief or damages. While the language of subdivision 3 of section 350-d provides for an action “to enjoin * * * and to recover * * * actual damages” (emphasis added), a court may substitute “or” for “and” in a statute where it is necessary to carry out legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, § 365; Matter of New York Post Corp. v Leibowitz, 2 NY2d 677).
Moreover, Trial Term’s construction of subdivision 3 of section 350-d of the General Business Law, requiring aggrieved consumers to bring an action for both injunctive relief and damages, would require all consumers seeking recovery under subdivision 3 of section 350-d to bring actions in the Supreme Court, because injunctions are generally not available in courts of limited jurisdiction such as the Civil and District Courts. Relegating consumers seeking to enforce rights under subdivision 3 of section 350-d to actions for injunctive relief in the Supreme Court might in many cases discourage them from pursuing any remedy available under subdivision 3 of section 350-d (Geismar v Abraham & Straus, supra, which was an action under subdivision 3 of section 350-d of the General Business Law brought in the Civil Court of the City of New York to recover damages only; cf. Giummo v Citibank, 107 Misc 2d 895; New York Creates a Private Right of Action to Combat Consumer Fraud: Caveat Venditor, 48 Brooklyn L Rev 509, 575-576; Greenman & Mishkin, Setback for Consumers, NYLJ, July 19, 1982, p 1, col 1; Greenman, Deceptive Trade Practices; Private Right of Action in New *854 York, NYLJ, Jan. 29, 1982, p 1, col 1). Furthermore the prospect of consumers pursuing individual claims for damages under subdivision 3 of section 350-d should not be underestimated as a deterrent to entrepreneurs who otherwise might engage in false advertising.
Nor do we agree with Trial Term’s conclusion that the plaintiff, herein, was not misled by the December 27,1981 ad. From our reading of the record it appears clear that the plaintiff was deceived by the December 27, 1981 ad to the extent that he had reason to believe that defendant was offering a $1,000 discount on both the standard Accord hatchback and the Accord LX hatchback. Not only would plaintiff’s familiarity with the standard equipment featured respectively on the standard Accord hatchback and the Accord LX hatchback not enable him to detect the error in the December 27, 1981 ad, it was because of that knowledge that plaintiff could reasonably have presumed that a $1,000 discount on both the standard Accord hatchback and the Accord LX hatchback was being offered by the defendant’s ad. It was upon that basis that plaintiff proceeded to defendant’s showroom and requested a $1,000 discount upon an Accord LX hatchback, only to then be informed that he could receive only a $750 discount on the Accord LX hatchback. Inasmuch as the plaintiff traveled to defendant’s showroom on the basis of a misleading and deceptive ad, plaintiff suffered injury and is entitled to recover damages.
Plaintiff argues that having purchased an Accord LX hatchback at a $750 discount from the defendant, the measure of his actual damages is the difference between the $1,000 discount advertised and the $750 discount received (i.e., $250). We disagree for the reason that once the plaintiff was advised that he could only receive a $750 discount on an Accord LX hatchback, plaintiff freely elected to purchase that vehicle on that basis. His actual damage cannot be said to include the amount of a discount he was told was not available at the time he made the purchase. The plaintiff, having failed to prove actual damages of more than $50, is entitled to recover that amount as his actual damages (General Business Law, § 350-d, subd 3).
*855 Nor do we find that the court should exercise its discretion and award the plaintiff three times his actual damages. Such treble damages, up to $1,000 are available only if the court finds the defendant willfully or knowingly engaged in false advertising. In the case at bar, the confusion generated by the December 27,1981 ad was the result of an inadvertent error by a third party retained to draft and place defendant’s advertising copy. Under these circumstances defendant’s conduct certainly did not constitute a willful and knowing violation of subdivision 3 of section 350-d.
Finally, we do not exercise our discretion under subdivision 3 of section 350-d of the General Business Law to award attorney’s fees to the plaintiff, who is an attorney representing himself in this small claims action.
Dudley, P. J., Riccobono and Sullivan, JJ., concur.