■ THE PEOPLE OF THE STATE OF NEW YORK, by G. OLIVER KOPPELL, as Attorney-General of the State of New York, Respondent, v EMPYRE INGROUND POOLS, INC., et al., Appellants. [642 NYS2d 344] —Mikoll, J. P. Appeal from an order and judgment of the Supreme Court (Hughes, J.), entered December 19, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to Executive Law § 63 (12), to, *inter alia*, enjoin respondents from engaging in a certain business.

The proceeding was brought pursuant to Executive Law § 63 (12) and General Business Law article 22-A against respondents, Empyre Inground Pools, Inc. and Joseph J. Salerno, individually and as officer of the corporation, to enjoin their alleged deceptive, illegal and fraudulent business practices. Salerno began installing and servicing residential pools in 1961. He incorporated Empyre Pools, Inc. in 1985 with Cal Capritta; they operated this pool business until 1989 when it dissolved. Salerno claims that Dolphin Pools, for whom he worked for a period of time, and National Credit Clearing Company assumed any and all liabilities of this corporation. Salerno subsequently reincorporated under the name of respondent Empyre Inground Pools, Inc. The Attorney-General, based on complaints of failure to complete pool installation projects, commenced the instant proceeding to enjoin respondents' business practices in connection with the home improvement and door-to-door sales business, seeking restitution, civil penalties and costs.

Supreme Court granted petitioner's application and perma-

nently enjoined respondents from engaging in the home improvement and door-to-door sales businesses in New York. Respondents were also enjoined from engaging in any business dealing with consumers until a $100,000 performance bond was filed with petitioner. Moreover, respondents were ordered to pay restitution to those consumers who had filed a complaint. Finally, the court assessed fines and costs and ordered respondents to file a discharge of lien for certain liens that they had recorded.

On this appeal, respondents contend that their operations were not subject to General Business Law article 22-A in that these were single-shot transactions, unique to the parties, and did not rise to a "grand scheme to defraud the public or the complaining customers". General Business Law § 349 (a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful". This section is directed at wrongs against the consuming public (see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24). General Business Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful". The test in determining whether a representation is false is its tendency to deceive (see, People v Volkswagen of Am., 47 AD2d 868).

We disagree with respondents' contention that General Business Law § 349 does not encompass the nature of the transactions involved herein. Based on Salerno's long-time involvement in the pool and pool-service business; the fact that Salerno represented and had an interest in the companies implicated in the complaints involved here; the fact that the complaints are all similar in nature and refer to transactions for pool installation or related services; and, finally, Salerno's running of numerous advertisements in local papers advertising his pool-related endeavors with guarantees of warranties, we believe that the complaints are not merely "single-shot transactions".

Respondents next contend that they supplied the items sold in each instance and, therefore, their activities are not within the ambit of Executive Law § 63 or General Business Law § 349 in that theirs is not a phantom business.

Executive Law § 63 (12) states: "Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general

may apply * * * for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts [and] directing restitution and damages". Under the statute, " 'fraud' " is defined as "any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions" (*ibid.*). The term " 'repeated' " is defined as "repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person" (*ibid.*). The term " 'persistent fraud' " or " 'illegality' " "include[s] [the] continuance or carrying on of any fraudulent or illegal act or conduct" (*ibid.*).

Salerno repeatedly offered contracts to consumers which contained a full-year warranty on parts and labor and a lifetime warranty on pool construction. Yet, he failed to fulfill these warranties by refusing to correct defects and conditions covered thereunder. This constitutes a deceptive practice in violation of General Business Law § 349 (Givens, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law art 22-A, 1996 Pocket Part, at 172). The advertisements placed by him were also misleading in violation of General Business Law § 350.

Additionally, Salerno repeatedly failed to disclose required information to purchasers in home improvement contracts. For example, he failed to provide approximate dates of commencement and completion of work, to notify homeowners of the lien law with respect to the consequences of their failure to pay under the contract and to advise homeowners of their right to cancel a home improvement contract within three days of signing. All of these acts constituted violations of General Business Law § 771.

Respondents also continually failed to maintain an escrow account for payments received from customers for work not yet completed in violation of Lien Law § 71-a (4). Based on these illegalities, Supreme Court properly found that respondents violated Executive Law § 63 (12).

Respondents urge that Supreme Court erred in imposing liability pursuant to General Business Law § 773 absent its holding of a hearing for appropriate findings. Respondents also contend that any violations of consumers' rights perpetrated by them were not substantial violations but merely technical ones. We disagree. Respondents' consistent failure to deposit funds in a required escrow account and their failure to substantially comply with General Business Law § 771 constitute a substantial violation subject to increased penalties (*see*, General Business Law § 773 [2]).

Respondents additionally claim that Supreme Court erred in failing to hold a hearing to consider mitigating circumstances pursuant to General Business Law § 773 (3). We find no authority for such a hearing. It is noteworthy that respondents failed to provide any evidence relevant to mitigating circumstances which would excuse their failure to comply with General Business Law § 771.

Finally, Salerno contends that he was erroneously held personally liable for the various actions of the corporation in that there was no proof that he conducted the business as an individual and, therefore, the corporate veil should not have been pierced. "[T]he corporate veil may be pierced to hold corporate officers personally liable for tortious conduct or knowing participation in fraudulent acts" (*People v Concert Connection*, 211 AD2d 310, 320, *appeal dismissed* 86 NY2d 837). In the instant case, customers repeatedly complained to Salerno regarding defects. The record discloses that he personally participated in all of the illegal activities of the corporation as its major actor. Thus, Supreme Court did not err in holding him personally liable.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment is affirmed, without costs.