Jose A. Castillo, Appellant,
against
189 Sunrise Hwy Auto, LLC, Doing Business as Sunrise Auto Outlet, Respondent. 




Jose A. Castillo, appellant pro se.
Law Office of Mitchell C. Elman, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered October 30, 2017. The order, insofar as appealed from, denied plaintiff's cross motion for summary judgment.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of plaintiff's cross motion seeking summary judgment on his second cause of action pursuant to section 350 of the General Business Law for falsely advertising the purchase price of a vehicle is granted and plaintiff is awarded the principal sum of $2,515 on that cause of action; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $25,000 as a result of defendant's allegedly deceptive acts and practices (General Business Law § 349), based on false advertising, failing to refund overpaid funds and forcing miscellaneous fees on customers (first cause of action), and false advertising (General Business Law § 350) (second cause of action). The false advertising claims were based on defendant's refusal to sell plaintiff a used 2015 Nissan Sentra for $9,985, the price that defendant had posted in two online advertisements. Plaintiff's [*2]third and fourth causes of action also alleged violations of General Business Law § 350 [FN1]
because, after having purchased the vehicle at a higher price than advertised, plaintiff was caused to overpay for registration and other miscellaneous fees, which amounts have not been refunded. In its answer, defendant admitted to having placed advertisements for a 2015 Nissan Sentra for $9,985. 

When plaintiff failed to respond to its discovery demands, defendant moved to preclude plaintiff from offering any evidence at trial. Plaintiff cross-moved for summary judgment. In support of his cross motion, plaintiff stated that he had gone to defendant's showroom to purchase a used 2015 Nissan Sentra for the $9,985 price listed in defendant's advertisements but defendant had refused to sell it for that price. Plaintiff subsequently purchased the vehicle in question from defendant for the price of $12,500. Plaintiff sought, as damages, among other things, the difference between what the car had been advertised for and the price he had ultimately paid for the car. In an affidavit in opposition to plaintiff's cross motion, defendant's salesman averred that plaintiff had been told that the purchase price was $12,980 and that, after a $2,995 deposit, there would be a balance due of $9,985. The salesman further stated that after plaintiff had been told that the price of the car was $12,980, plaintiff left the showroom, shopped at other dealers and then returned to defendant, informing the salesman that defendant's price of $12,980 was the lowest around. Defendant subsequently lowered the price to $12,500, and plaintiff purchased the car. In his reply, plaintiff denied that he had shopped around before he had purchased the vehicle. By order dated October 30, 2017, the Civil Court denied both defendant's motion to preclude and plaintiff's cross motion for summary judgment. Plaintiff appeals from so much of the order as denied his cross motion.

In 1980, New York amended its consumer protection act, General Business Law article 22-A, § 349 et seq., to provide a private right of action for injuries caused by deceptive acts and practices (General Business Law § 349 [h]), and false advertising (General Business Law § 350-e [3]).

General Business Law § 350 prohibits false advertising, which means advertising which is "misleading in a material respect" (General Business Law § 350-a). "To successfully assert a claim under General Business Law § 349 (h) or § 350, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941 [2012] [internal quotation marks omitted]).[FN2]
A plaintiff need not [*3]prove intent to deceive to establish false advertising (see Geismar v Abraham & Strauss, 109 Misc 2d 495 [Suffolk Dist Ct 1981]). 

Upon the record before us, we find that plaintiff established that he was deceived by the two online advertisements to the extent that he was led to believe that he would be able to purchase the used 2015 Nissan Sentra in question from defendant for the price of $9,985. Inasmuch as plaintiff traveled from Brooklyn to defendant's showroom in Amityville on the basis of the advertisements, and defendant refused to sell the car for the advertised price, plaintiff was misled and suffered injury (see Beslity v Manhattan Honda, 120 Misc 2d 848, 854 [App Term, 1st Dept 1983]). Defendant provided no explanation for the variance in price. Thus, pursuant to General Business Law § 350-e (3), plaintiff is entitled to recover, on his second cause of action, his actual damages, here, the difference between the advertised price and the price plaintiff paid (but see Beslity v Manhattan Honda, 120 Misc 2d 848). As we find, under the circumstances presented, that plaintiff's cause of action for false advertising based on General Business Law § 350 (second cause of action) overlaps so much of his General Business Law § 349 cause of action (first cause of action) as involved his false advertisement claim (see Koch v Acker, Merrall & Condit Co., 18 NY3d at 941), he cannot recover on his first cause of action under General Business Law § 349 to the extent that the first cause of action is based on false advertising. 

Plaintiff also sought summary judgment with respect to the remainder of his first cause of action and his third and fourth causes of action involving miscellaneous fees and overpayments. However, he failed to establish his entitlement to judgment as a matter of law with respect to those fees and overpayments. 

Accordingly, the order, insofar as appealed from, is modified by providing that the branch of plaintiff's cross motion seeking summary judgment on his second cause of action pursuant to section 350 of the General Business Law for falsely advertising the purchase price of a vehicle is granted and plaintiff is awarded the principal sum of $2,515 on that cause of action.

ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 13, 2019



Footnotes

Footnote 1:The third cause of action was subtitled breach of contract and the fourth cause of action was subtitled unjust enrichment.

Footnote 2: "The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to § 349" (Goshen v Mutual Life Ins. Co., 98 NY2d 314, 324 n 1 [2002]). While § 349 (h) provides for the recovery by a private individual of his actual damages or $50, whichever is greater, § 350-e initially provided the same but was amended in 2007 to provide for the recovery of one's actual damages or $500, whichever is greater.